Robert Knuts
Ken Coleman
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300
Fax: (212) 610-6399

Attorneys for Plaintiff HYMF, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HYMF, INC,

                      Plaintiff,

    -against-

HIGHLAND CAPITAL MANAGEMENT, L.P.,
HIGHLAND SELECT EQUITY FUND, L.P.,
HIGHLAND SELECT EQUITY FUND, GP, L.P.,
HIGHLAND SELECT EQUITY GP, L.L.C.,
STRAND ADVISORS, INC.,
JAMES D. DONDERO, and
MARK K. OKADA,

                      Defendants.
-----------------------------------------------------------x

Case No. 08 CIV 11311

**COMPLAINT**

JUDGE CHIN

HYMF, Inc. ("HYMF"), by and through its undersigned attorneys, brings this action against Highland Capital Management, L.P. ("Highland Capital"), Highland Select Equity Fund, L.P. ("Select Equity Fund"), Highland Select Equity Fund, GP, L.P., Highland Select Equity GP, LLC, Strand Advisors, Inc., James D. Dondero, and Mark K. Okada and hereby alleges as follows:

## SUMMARY OF THE ACTION

1.     This action concerns defendants' breach of contractual and fiduciary duties to HYMF by their attempt to hold hostage more than $110 million of HYMF's funds in order to

coerce HYMF's affiliate, Barclays Bank PLC ("Barclays"), into providing financial solutions and accommodations for the defendants' personal financial gain.

2. HYMF owns 99% of the ownership interests of the Select Equity Fund. In October 2008, HYMF demanded the full return of its investment in the Select Equity Fund pursuant to the terms of certain agreements dated March 13, 2007 (the "March 13th Agreement") and March 23, 2007 (the "March 23rd Agreement") as well as the relevant partnership agreement. The Select Equity Fund and Highland Capital failed to return HYMF's funds by the required deadline of October 23, 2008. At that time, a Highland Capital representative stated that Highland Capital had refused to honor the redemption demand in order to protect the interests of the investors holding the remaining 1% of the Select Equity Fund. Because the Select Equity Fund was restricted to investments in highly liquid, publicly-traded securities, the return of HYMF's funds will not impact adversely the interests of any other investor in the Select Equity Fund. Thus, Highland Capital's supposed concern for the interests of the 1% investor(s) is a sham, invented by Highland Capital for the sole purpose of facilitating its attempt to extort Barclays into providing financial assistance to Highland Capital and its senior officers in some manner still undefined by Highland Capital.

3. Defendant James D. Dondero ("Dondero") also communicated the intent of Highland Capital to block indefinitely, without legal basis, HYMF's redemption of its investment in Select Equity Fund. In telephone conversations with several different Barclays' representatives, Dondero stated that he would refuse to honor HYMF's redemption rights unless Barclays provided certain financial benefits to Highland Capital and affiliates unrelated to the Select Equity Fund.

4. On October 24, 2008, HYMF specifically warned defendants Select Equity Fund and Highland Capital that the failure to honor the redemption demand violated their fiduciary duties and that any attempt to condition compliance with those fiduciary duties upon financial accommodations to Highland Capital and its management constituted unlawful self-dealing. To date, defendants have failed to return HYMF's funds and their reckless conduct continues to cause HYMF substantial damages.

## PARTIES

5. Plaintiff HYMF, Inc. is a New York corporation with its principal place of business in New York, New York. HYMF is a wholly-owned subsidiary of Barclays Bank PLC ("Barclays").

6. Defendant Highland Capital is a Delaware limited partnership and serves as the investment manager for the Select Equity Fund. Highland Capital is registered with the U.S. Securities and Exchange Commission as an investment adviser. In addition, Highland Capital is the sole member of defendant Highland Select Equity GP, L.L.C.

7. Defendant Highland Select Equity Fund, L.P. ("Select Equity Fund") is a Delaware limited partnership. The operations of the Select Equity Fund are subject to a third amended and restated limited partnership agreement entered into as of March 13, 2007 (the "Partnership Agreement").

8. Defendants Highland Select Equity Fund GP, L.P (the "Fund General Partner") is a Delaware limited partnership and the general partner of defendant Select Equity Fund.

9. Defendant Highland Select Equity GP, L.L.C. (the "General Partner LLC") is a limited liability company and the general partner of the Fund General Partner.

3

10. Defendant Strand Advisors, Inc. ("Strand Advisors") is a Delaware corporation and is the general partner of Highland Capital.

11. Defendant James D. Dondero ("Dondero") is a resident of Dallas, Texas, the Managing Partner of defendant Highland Capital, and the President of defendant Strand. Dondero is also one of two principals of defendant Highland Capital. The private offering memorandum for the Select Equity Fund states that Dondero and defendant Mark K. Okada "control all of [Highland Capital's] operations and activities."

12. Defendant Mark K. Okada ("Okada") is a resident of Dallas, Texas, the Managing Partner of defendant Highland Capital, and is also one of the two principals of defendant Highland Capital. The private offering memorandum for the Select Equity Fund states that Okada and defendant Dondero "control all of [Highland Capital's] operations and activities."

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332. This action is between a citizen of New York, as Plaintiff, and citizens of Delaware and Texas, as defendants, and the amount in controversy exceeds $75,000.

14. Venue is proper in the Southern District of New York because a substantial part of the events giving rise to the claims occurred in this district. In addition, both the March 13th Agreement and the March 23rd Agreement specifically provide that the parties to those agreements consent to jurisdiction of courts in the State of New York concerning disputes or claims concerning those agreements.

## FACTS COMMON TO ALL CLAIMS

15. Defendant Select Equity Fund was formed in December 2001. Defendant Select Equity Fund is a limited partner in the Highland Select Equity Master Fund, L.P., a Bermuda limited partnership (the "Master Fund"). As described in the relevant offering memoranda, Select Equity Fund invests all of its assets in the Master Fund. As described in the Partnership Agreement, the Select Equity Fund is subject to certain investment guidelines that ensure that investments in the Select Equity Fund are fully liquid and available for immediate redemption.

16. In July 2006 and March 2007, Barclays and affiliates of Highland Capital entered into a forward contract (the "Forward Contract") and an option contract (the "Option"), respectively. Under both contracts, a Highland Capital affiliate would receive a return on a notional investment in certain specified Highland-managed funds (the "Identified Highland Funds") in exchange for an upfront payment to Barclays. The Highland Capital affiliate would profit to the extent the Identified Highland Funds realized returns in excess of the upfront payment. The Highland Capital affiliate's downside exposure was limited to the upfront payment it made to Barclays.

17. However, under both contracts, Barclays' exposure was not limited by the amount of the upfront payment. Instead, Barclays would be obligated to pay the Highland Capital affiliate a potentially unlimited amount based on actual performance of the Identified Highland Funds over the term of the contracts.

18. In order to mitigate this potential liability, plaintiff HYMF, a Barclays' subsidiary, invested directly in Identified Highland Funds in the same amounts referenced in the Forward Contract and the Option, including an investment of more than $100 million in defendant Select Equity Fund. Through these investments, plaintiff HYMF would realize the same return on the

Identified Highland Funds that formed the basis for Barclays' payment obligation under the Forward Contract and the Option. Thus, the sole purpose of HYMF's investment in defendant Select Equity Fund was to create a hedge against Barclays' potential liability under the Forward Contract and the Option. HYMF did not make its investment with the same risks and expectations of a typical hedge fund investor.

19. Given the fact that HYMF's investment in the Select Equity Fund was a hedge against liability under the Forward Contract, defendants Select Equity Fund and Highland Capital agreed, in writing, that HYMF had the right to redeem its investment in the Select Equity Fund immediately upon the termination of the Forward Contract. The March 23rd Agreement specifically provides that this right of immediate redemption supersedes any contrary provisions set forth in the related subscription agreement and limited partnership agreement concerning the Select Equity Fund. The March 23rd Agreement superseded a similar agreement that had been entered into at the time of the Forward Contract and the original investment by HYMF in the Select Equity Fund in July 2006. Without this right to immediate redemption, HYMF simply would not have purchased any interests in the Select Equity Fund and, as a result, Highland Capital would not have obtained the prospective benefit of the Forward Contract without granting these rights to HYMF.

20. Likewise, given the fact that HYMF's investment in the Select Equity Fund was also a hedge against liability under the Option, the Select Equity Fund and Highland Capital agreed, in writing, that HYMF had the right to redeem its investment in the Select Equity Fund immediately upon the termination of the Option. The March 13th Agreement specifically provides that this right of immediate redemption supersedes any contrary provisions set forth in the related subscription agreement and limited partnership agreement concerning the Select

Equity Fund. Without this right to immediate redemption, HYMF simply would not have purchased additional interests in the Select Equity Fund and, as a result, Highland Capital would not have obtained the prospective benefit of the Option without granting these rights to HYMF.

21. Both the Forward Contract and the Option were terminated in October 2008 upon the occurrence of events of termination specified therein.

22. On October 8, 2008, the Administrator provided notice to the Select Equity Fund and Highland Capital that, effective October 15, 2008, HYMF exercised its right of redemption concerning all of its ownership interests in the Select Equity Fund.

23. Defendants Select Equity Fund and Highland Capital failed to honor HYMF's right to immediate redemption under the March 23rd Agreement and the March 13th Agreement. None of the Fund General Partner, the General Partner LLC, or Strand Advisors, the general partner of Highland Capital have taken any steps to cause Select Equity Fund and Highland Capital to comply with their obligations to honor HYMF's right to immediate redemption. Instead, Highland Capital claimed that Highland Capital and Select Equity Fund refused to honor the redemption demand because of Highland Capital's supposed belief that Highland Capital's "fiduciary obligations to third party investors" provided an exemption from defendants' contractual and fiduciary obligations to HYMF.

24. In fact, by specific design, the Select Equity Fund is restricted to investments in highly liquid, publicly-traded securities. This investment restriction was acknowledged and agreed to, in writing, by Highland Capital, the investment manager of the Select Equity Fund. The implementation of these investment restrictions has been repeatedly confirmed by the Administrator of the Select Equity Fund in reports provided to HYMF. Thus, honoring HYMF's right to immediate redemption of its entire investment in the Select Equity Fund will have no

improper, adverse impact on the value of any investments in the Select Equity Fund made by any other person.

25. Defendant Dondero made further admissions concerning defendants' unlawful refusal to honor HYMF's redemption rights in telephone conversations with Barclays' representatives. Specifically, Dondero stated, in substance, that he would cause Highland Capital and the Select Equity Fund to withhold payment of HYMF's investment in Select Equity Fund – more than $110 million – for as long as ten years unless Barclays provided unspecified forms of financial assistance to Highland Capital and affiliates unrelated to Select Equity Fund.

26. As of the date of the filing of this Complaint, defendants Select Equity Fund and Highland Capital have failed and refused to return any portion of the more than $110 million in limited partnership interests for which HYMF exercised its right of redemption under the terms of the March 13th Agreement and the March 23rd Agreement.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

27. Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

28. HYMF and Defendants Select Equity Fund and Highland Capital entered into the March 13th Agreement and the March 23rd Agreement in March 2007 (collectively, the "Letter Agreements").

29. HYMF performed all of its obligations under the Letter Agreements.

30. Defendants Select Equity Fund and Highland Capital breached their obligations under the Letter Agreements.

31. HYMF has suffered monetary damages in an amount to be determined at trial as a result of Defendants' breaches of the Letter Agreements.

## SECOND CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH CONTRACT

32. Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

33. The Letter Agreements are valid, existing contracts among HYMF, the Select Equity Fund, and Highland Capital.

34. Defendants Fund General Partner, General Partner LLC, Strand Advisors, Dondero, and Okada have willfully and maliciously caused the Select Equity Fund and Highland Capital to breach their obligations under the Letter Agreements.

35. Defendants Fund General Partner, General Partner, LLC, Strand Advisors, Dondero, and Okada have interfered with the contractual obligations under the Letter Agreements for the illegitimate purpose of attempting to coerce Barclays to engage in unrelated transactions designed to enrich Highland Capital, affiliates of Highland Capital, and principals of Highland Capital.

36. By tortiously inferring with the contractual rights of HYMF under the Letter Agreements, defendants Fund General Partner, General Partner, LLC, and Strand Advisors have caused plaintiff HYMF to suffer monetary damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY

37. Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

38. Defendant Highland Capital owes duties to exercise care and diligence in the management of the Select Equity Fund, and in the use and preservation of HYMF's assets. Highland Capital also owes to HYMF duties of full and candid disclosure concerning the Select Equity Fund, a duty of loyalty to HYMF, and a duty to deal fairly and honestly with HYMF in connection with the Select Equity Fund.

39. By failing to honor its obligations under the Letter Agreements, by causing Select Equity Fund to breach its obligations under the Letter Agreements, and by continuing to withhold payment of more than $110 million to HYMF, defendant Highland Capital breached its fiduciary obligations to HYMF.

40. Highland Capital's misconduct, as alleged herein, was willful, malicious, reckless and without regard to HYMF's rights and interests.

41. HYMF has suffered damages in an amount to be determined at trial as a result of Highland Capital's breach of fiduciary duty.

## FOURTH CAUSE OF ACTION:
## AIDING AND ABETTING
## HIGHLAND CAPITAL'S BREACH OF FIDUCIARY DUTY

42. Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

43. Highland Capital owed fiduciary duties to HYMF in connection with HYMF's investment in the Select Equity Fund.

44. Highland Capital breached those fiduciary duties to HYMF.

45. Defendants Fund General Partner, General Partner LLC, Strand Advisors, Dondero, and Okada knew that Highland Capital owed fiduciary duties to HYMF in connection with HYMF's investment in the Select Equity Fund.

46. Defendants Fund General Partner, General Partner LLC, Strand Advisors, Dondero, and Okada knowingly provided substantial assistance to Highland Capital in its breach of fiduciary duties owed to HYMF.

47. HYMF has suffered damages in an amount to be determined at trial as a result of the actions taken by defendants Fund General Partner, General Partner LLC, Strand Advisors, Dondero, and Okada in aiding and abetting Highland Capital's breach of fiduciary duties.

## RELIEF DEMANDED

WHEREFORE, plaintiff HYMF demands judgment and permanent relief against Defendants as follows:

i. compensatory damages on plaintiff's First, Second, Third, and Fourth Causes of Action in amounts to be determined at trial, together with pre-judgment interest at the maximum rate allowed by law;

ii. punitive damages on plaintiff's Second, Third, and Fourth Causes of Action;

iii. reasonable costs and expenses incurred in this action, including legal fees to the extent allowable by law; and

iv. such other and further relief as the Court may deem just and proper.

Dated: December 30, 2008
       New York, New York

ALLEN & OVERY, LLP

By: _____
    Robert Knuts

1221 Avenue of the Americas
New York, New York 10020
(212) 610-6300 (telephone)
(212) 610-6399 (fax)

Attorneys for Plaintiff