Robert Knuts
Ken Coleman
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 610-6300
Fax: (212) 610-6399
Attorneys for Plaintiff HYMF, Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

HYMF, INC,

                         Plaintiff,          :     Case No. 08 Civ. 11311 (DC)

                                          :

    -against-                            :

HIGHLAND CAPITAL MANAGEMENT, L.P.,     :    **AMENDED**
HIGHLAND SELECT EQUITY FUND, L.P.,       :    **COMPLAINT**
HIGHLAND SELECT EQUITY FUND, GP, L.P.,   :
HIGHLAND SELECT EQUITY GP, L.L.C.,         :
STRAND ADVISORS, INC.,                    :
JAMES D. DONDERO,                       :
MARK K. OKADA,                            :
HIGHLAND CREDIT STRATEGIES FUND, L.P.,  :
HIGHLAND GENERAL PARTNER, L.P.,         :
HIGHLAND GP HOLDINGS, L.L.C.,             :
HIGHLAND CREDIT OPPORTUNITIES CDO, L.P.,   :
HIGHLAND CREDIT OPPORTUNITIES CDO GP, L.P.,  :
HIGHLAND CREDIT OPPORTUNITIES CDO GP, L.L.C.,:
HIGHLAND CRUSADER FUND, L.P.,            :
HIGHLAND CRUSADER FUND GP, L.P.,         :
HIGHLAND CRUSADER GP, L.L.C.,             :
HIGHLAND CDO OPPORTUNITY FUND, L.P.,     :
HIGHLAND CDO OPPORTUNITY FUND GP, L.P.,   :
HIGHLAND CDO OPPORTUNITY GP, L.L.C.,      :
HIGHLAND EQUITY FOCUS FUND, L.P.,        :
HIGHLAND EQUITY FOCUS FUND GP, L.P.,     :
HIGHLAND EQUITY FOCUS GP, L.L.C.,         :
HIGHLAND CAPITAL REAL ESTATE FUND, L.P., and  :
HIGHLAND CAPITAL REAL ESTATE FUND GP, L.L.C. :

                                          :

                         Defendants.     :

------------------------------------------------------------x

HYMF, Inc. ("HYMF"), by and through its undersigned attorneys, brings this action against Highland Capital Management, L.P. ("Highland Capital"), Highland Select Equity Fund, L.P. ("Select Equity Fund"), Highland Select Equity Fund, GP, L.P., Highland Select Equity GP, L.L.C., Strand Advisors, Inc., James D. Dondero, Mark K. Okada, Highland Credit Strategies Fund, L.P. ("Credit Strategies Fund"), Highland General Partner, L.P., Highland GP Holdings, L.L.C., Highland Credit Opportunities CDO, L.P. ("Credit Opportunities CDO"), Highland Credit Opportunities CDO GP, L.P., Highland Credit Opportunities CDO GP, L.L.C., Highland Crusader Fund, L.P. ("Crusader Fund"), Highland Crusader Fund GP, L.P., Highland Crusader GP, L.L.C., Highland CDO Opportunity Fund, L.P. ("CDO Opportunity Fund"), Highland CDO Opportunity Fund GP, L.P., Highland CDO Opportunity GP, L.L.C., Highland Equity Focus Fund, L.P. ("Equity Focus Fund"), Highland Equity Focus Fund, GP, L.P., Highland Equity Focus GP, L.L.C., Highland Capital Real Estate Fund, L.P. ("Real Estate Fund" and together with the Select Equity Fund, Credit Strategies Fund, Credit Opportunities CDO, Crusader Fund, CDO Opportunity Fund, and Equity Focus Fund, the "Highland Funds"), and Highland Capital Real Estate Fund GP, L.L.C., and hereby alleges as follows:

## SUMMARY OF THE ACTION

1.     This action concerns defendants' willful violation of contractual and fiduciary obligations owed to plaintiff HYMF concerning the Highland Funds, and Highland Capital's continuing attempt to hold hostage more than $250 million of HYMF's funds in order to coerce HYMF's affiliate, Barclays Bank PLC ("Barclays"), into providing financial solutions and accommodations for some of the defendants' personal financial gain.

2.     HYMF acquired ownership interests in a group of investment funds managed by Highland Capital, including a 99% ownership interest in the Select Equity Fund, in connection

2

with two derivative transactions – a forward contract and an option contract – that provided

potential financial benefits for Highland Capital.  HYMF's investments in the Highland Funds

were not made for the purpose of seeking a speculative investment return.  Rather, these

investments were necessary counterparts to the forward contract and option in order to hedge

certain risks associated with those derivative transactions.

      3.      Because the purpose of the ownership interests was to hedge certain risks

associated with the derivative transactions, defendants granted HYMF, in writing, the absolute

right to withdraw its investments from the Highland Funds after the termination of the forward

contract and/or option.  When the forward contract and option contract were terminated in

October 2008 in accordance with their terms, HYMF exercised its rights to withdraw its

investments from the Highland Funds.  For example, HYMF demanded the full return of its

investment in the Select Equity Fund pursuant to the terms of certain agreements dated March

13, 2007 (the "Select Equity Fund March 13th Agreement") and March 23, 2007 (the "Select

Equity Fund March 23rd Agreement"; collectively, the "Select Equity Fund Agreements") as

well as the relevant partnership agreement.

      4.      Defendants refused to comply with the contractual obligations to redeem all of

HYMF's investments on demand.  For example, the Select Equity Fund and Highland Capital

failed to return HYMF's funds by the required deadline of October 23, 2008.

      5.      At the time that HYMF demanded its redemption of its investment in the Select

Equity Fund, a Highland Capital representative stated that Highland Capital had refused to honor

that particular redemption demand in order to protect the interests of the investors holding the

remaining 1% of the Select Equity Fund.  This explanation, however, was not only inconsistent

with HYMF's absolute right to withdraw from the Select Equity Fund, but also it did not make

sense in light of the types of investments held by this fund.  Because the Select Equity Fund is restricted to investments in highly liquid, publicly-traded securities, the return of HYMF's funds cannot impact adversely the interests of any other investor in the Select Equity Fund.  Thus, Highland Capital's supposed concern for the interests of the 1% investor(s) is a sham, invented by Highland Capital for the sole purpose of facilitating its attempt to extort Barclays into providing financial assistance to Highland Capital, its affiliates or its senior officers in some manner still undefined by Highland Capital.

6.      Defendant James D. Dondero ("Dondero"), the Managing Partner of Highland Capital, also communicated the intent of Highland Capital to block indefinitely, without any legal or commercial basis, HYMF's redemption of its investment in the Select Equity Fund.  In telephone conversations with several different Barclays' representatives, Dondero stated that he would refuse to honor HYMF's redemption rights unless Barclays provided certain financial benefits to Highland Capital and affiliates unrelated to the Select Equity Fund.

7.      On October 24, 2008, HYMF specifically warned defendants Select Equity Fund and Highland Capital that the failure to honor the Select Equity Fund redemption demand violated their fiduciary duties and that any attempt to condition compliance with those fiduciary duties upon financial accommodations to Highland Capital and its management constituted unlawful self-dealing.

8.      Defendants' willful refusal to honor HYMF's contract rights and Highland Capital's flagrant efforts to obtain improper financial benefits represent a complete abandonment of defendants' fiduciary responsibilities.  Defendants' misconduct demonstrates plainly that they cannot be trusted with the discretionary management of HYMF funds.

4

9.      To date, defendants have failed to return any portion of HYMF's investments in the Highland Funds, and their willful breaches of their contractual and fiduciary obligations continue to cause HYMF substantial damages. By failing to honor HYMF's absolute right to withdraw all investments from the Highland Funds in October 2008, defendants have prevented HYMF from safeguarding these funds and defendants have thereby assumed liability for any market losses experienced by the Highland Funds since October 2008. Not only are defendants acting directly contrary to HYMF's rights, but they are also improperly profiting from such behavior in that Highland Capital has continued to take management fees on the funds belonging to HYMF that Highland Capital is holding hostage.

10.     For these reasons, HYMF seeks compensatory and punitive damages for breach of contract, tortious interference with contract, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty, as well as a full accounting.

### PARTIES

#### Plaintiff

11.     Plaintiff HYMF is a New York corporation with its principal place of business in New York, New York. HYMF is a wholly-owned subsidiary of Barclays.

12.     To hedge its risks under the forward contract and option, HYMF invested the following amounts in the Highland Funds:

| | |
|---|---|
| Select Equity | $ 120,233,271 |
| Credit Strategies | $  58,912,614 |
| Credit Opportunities CDO | $  24,000,000 |
| Crusader Fund | $ 194,472,027 |
| CDO Opportunity Fund | $ 168,394,327 |

5

| Equity Focus Fund | $ 55,753,437 |
|---|---|
| Real Estate Fund | $ 83,648,168 |
| Total: | $ 705,413,844 |

Based on reports received from Highland Capital, HYMF owns 99% of the ownership interests in the Select Equity Fund, but Highland Capital has not provided sufficient information to HYMF for HYMF to determine its percentage ownership of the other Highland Funds.

**Defendants**

*The Highland Funds' Investment Manager*

13.    Defendant Highland Capital is a Delaware limited partnership and serves as the investment manager for the Highland Funds.  Highland Capital is registered with the U.S. Securities and Exchange Commission as an investment adviser.

14.    Highland Capital, as the investment manager of the Highland Funds and as party to certain letter agreements with HYMF entered in connection with the Highland Funds, owed contractual and fiduciary duties to HYMF.

*Entities and individuals who exercise control over the Investment Manager*

15.    Defendant Strand Advisors, Inc. ("Strand Advisors") is a Delaware corporation and is the general partner of Highland Capital.

16.    Defendant Dondero is a resident of Dallas, Texas, the Managing Partner of defendant Highland Capital, and the President of defendant Strand.  Dondero is also one of two principals of defendant Highland Capital.

17.    Defendant Mark K. Okada ("Okada") is a resident of Dallas, Texas, the Managing Partner of defendant Highland Capital, and is also one of the two principals of defendant Highland Capital.  The private offering memorandum for the Select Equity Fund states that

Okada and defendant Dondero "control all of [Highland Capital's] operations and activities."

*The Highland Funds and related entities*

18.     Defendant Select Equity Fund is a Delaware limited partnership.  The operations of Select Equity Fund are subject to a third amended and restated limited partnership agreement entered into as of March 13, 2007 (the "Select Equity Fund Partnership Agreement").

19.     Defendant Highland Select Equity Fund GP, L.P. (the "Select Equity Fund General Partner") is a Delaware limited partnership and the general partner of defendant Select Equity Fund.

20.     Defendant Highland Select Equity GP, L.L.C. (the "Select Equity Fund General Partner LLC") is a limited liability company and the general partner of the Select Equity Fund General Partner.

21.     Defendant Credit Strategies Fund is a Delaware limited partnership.  The operations of Credit Strategies Fund are subject to an amended and restated limited partnership agreement entered into as of September 1, 2006.

22.     Defendant Highland General Partner, L.P. is a Delaware limited partnership and general partner of defendant Credit Strategies Fund.

23.     Defendant Highland GP Holdings, L.L.C. is a Delaware limited liability company and general partner of defendant Highland General Partner, L.P.

24.     Defendant Credit Opportunities CDO is a Delaware limited partnership.  The operations of the Credit Opportunities CDO are subject to a second amended and restated limited partnership agreement entered into as of September 1, 2006.

25.     Defendant Highland Credit Opportunities CDO GP, L.P. is a Delaware limited partnership and general partner of defendant Credit Opportunities CDO.

26.    Defendant Highland Credit Opportunities CDO GP, L.L.C. is a Delaware limited liability company and the general partner of defendant Highland Credit Opportunities CDO GP, L.P.

27.    Defendant Crusader Fund is a Delaware limited partnership.  The operations of Crusader Fund are subject to a fifth amended and restated  limited partnership agreement entered into as of September 1, 2006.

28.    Defendant Highland Crusader Fund GP, L.P. is a Delaware limited partnership and the general partner of defendant Crusader Fund.

29.    Defendant Highland Crusader GP, L.L.C. is a Delaware limited liability company and the general partner of defendant Highland Crusader Fund GP, L.P.

30.    Defendant CDO Opportunity Fund is a Delaware limited partnership.  The operations of CDO Opportunity Fund are subject to an amended and restated limited partnership agreement entered into as of September 1, 2006.

31.    Defendant Highland CDO Opportunity Fund GP, L.P. is a Delaware limited partnership and the general partner of defendant CDO Opportunity Fund.

32.    Defendant Highland CDO Opportunity GP, L.L.C. is a Delaware limited liability company and the general partner of defendant Highland CDO Opportunity Fund GP, L.P.

33.    Defendant Equity Focus Fund is a Delaware limited partnership.  The operations of Equity Focus Fund are subject to an amended and restated limited partnership agreement entered into as of January 1, 2006.

34.    Defendant Highland Equity Focus Fund GP, L.P. is a Delaware limited partnership and the general partner of defendant Equity Focus Fund.

35.    Defendant Highland Equity Focus GP, L.L.C. is a Delaware limited liability

company and the general partner of defendant Highland Equity Focus Fund GP, L.P.

36.     Defendant Real Estate Fund is a Delaware limited partnership.  The operations of Real Estate Fund are subject to a second amended and restated limited partnership agreement entered into as of January 1, 2006.

37.     Defendant Highland Capital Real Estate Fund GP, L.L.C. is a Delaware limited liability company and the general partner of defendant Real Estate Fund.

38.     The Defendants identified in paragraphs 18 through 37 (collectively, the "Highland Funds Defendants") are either parties to written agreements with HYMF entered in connection with HYMF's investments in the Highland Funds or exercised authority over the Highland Funds Defendants to cause the parties to enter into the written agreements with HYMF. As a result, the Highland Funds Defendants owed both contractual and fiduciary duties to HYMF.

## JURISDICTION AND VENUE

39.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.  This action is between a citizen of New York, as Plaintiff, and citizens of Delaware and Texas, as defendants, and the amount in controversy exceeds $75,000.

40.     This Court has personal jurisdiction over the Defendants identified in paragraphs 13, 15, and 18 through 37 because they consented to jurisdiction of courts in the State of New York in the Highland Funds Agreements, as described herein in sub-paragraphs 56(a) – (j).

41.     Moreover, this Court has jurisdiction over the defendants for transacting business within the state and/or committing tortious acts causing injury within the state.

42.     Venue is proper in the Southern District of New York because a substantial part of the events giving rise to the claims occurred in this district.

9

## FACTS COMMON TO ALL CLAIMS

**The Highland Funds**

43.     The Highland Funds are private investment partnerships.  Highland Capital regularly furnishes advice to the Highland Funds with respect to investing in, purchasing or selling securities or other property and is empowered to determine what securities or other property shall be purchased or sold by the Highland Funds.

44.     Defendant Select Equity Fund was formed in December 2001.  Select Equity Fund is a limited partner in Highland Select Equity Master Fund, L.P., a Bermuda limited partnership (the "Select Equity Master Fund").  As described in the relevant offering memoranda, Select Equity Fund invests all of its assets in the Select Equity Master Fund.  As described in the Select Equity Fund Partnership Agreement, the Select Equity Fund is subject to certain investment guidelines that ensure that investments in the Select Equity Fund are fully liquid and available for immediate redemption.  Highland Capital is also the Investment Manager of the Select Equity Master Fund.

45.     Defendant Credit Strategies Fund was formed in August 2005.  Credit Strategies Fund invests all of its assets in Highland Credit Strategies Master Fund, L.P., a Bermuda exempted limited partnership (the "Credit Strategies Master Fund").  As described in the relevant offering memorandum, Credit Strategies Master Fund employs a multi-strategy investment approach to exploit relative value and arbitrage opportunities within the credit markets.  Highland Capital is also the Investment Manager of the Credit Strategies Master Fund.

46.     Defendant Credit Opportunities CDO was formed in December 2005.  Highland Capital sponsored the formation of Highland Credit Opportunities Fund, Ltd., a Cayman Islands exempted company, to invest in Credit Opportunities CDO.  As described in the relevant offering memorandum, Credit Opportunities CDO invests primarily in bank loans, other high yield debt,

credit default swaps, debt and equity securities issued by collateralized debt obligation funds, and special situations investments. Highland Capital is also the Investment Manager of the Credit Opportunities CDO.

47.     Defendant Crusader Fund was formed in June 2000. Highland Capital sponsored the formation of two Bermuda exempted mutual fund companies, Highland Crusader Fund, Ltd., and Highland Crusader Fund II, Ltd., which, together with Crusader Fund, place all of their assets in, and conduct all of their investment and trading activities in parallel through, Highland Crusader Offshore Partners, L.P. ("Highland Crusader Partners"), a Bermuda exempted limited partnership. As described in the relevant offering memorandum, Crusader Fund invests primarily in undervalued senior secured loans and other securities of financially troubled firms. Highland Capital is also the Investment Manager for Highland Crusader Partners.

48.     Defendant CDO Opportunity Fund was formed in November 2005. As described in the relevant offering memorandum, CDO Opportunity Fund is a limited partner in Highland CDO Opportunity Master Fund, L.P. ("CDO Opportunity Master Fund"), a Bermuda exempted limited partnership, and was organized for the purpose of investing substantially all of its assets in the CDO Opportunity Master Fund. Highland Capital is also the Investment Manager for the CDO Opportunity Master Fund.

49.     Defendant Equity Focus Fund was formed in June 2002. As described in the relevant offering memorandum, Equity Focus Fund was formed to pool investment funds to invest in a variety of securities and financial instruments. Highland Capital is also the Investment Manager of the Equity Focus Fund.

50.     Defendant Real Estate Fund was formed in March 2002. As described in the relevant offering memorandum, Real Estate Fund operates as a pooled investment fund through

11

which its partners' assets are invested in a variety of securities and financial instruments,

focusing on securities issued by companies in the real estate industry.  Highland Capital is also

the Investment Manager of the Real Estate Fund.

**The Forward Contract and Option**

51.     In July 2006, Barclays and an affiliate of Highland Capital entered into a forward

contract (the "Forward Contract").  In February and March 2007, Barclays and an affiliate of

Highland Capital entered into an option contract (the "Option").  Under each contract, Barclays

agreed to pay a Highland Capital affiliate a sum of money equal to the return on a notional

investment in specific Highland Funds in exchange for an upfront payment to Barclays.  The

Highland Capital affiliate would profit to the extent the specified Highland Funds realized

returns on the notional investment in excess of the upfront payment.  The Highland Capital

affiliate's downside exposure was limited to the upfront payment it made to Barclays.

52.     However, under both contracts, Barclays' exposure was not limited by the amount

of the upfront payment.  Instead, Barclays was obligated to pay the Highland Capital affiliate a

potentially unlimited amount based on actual performance of the specified Highland Funds over

the duration of the Forward Contract and Option.

**Barclays Hedges Its Risks Under The Forward**
**Contract And Option By Investments In The Highland Funds**

53.     In order to mitigate the potential liability under the Forward Contract and the

Option, plaintiff HYMF invested more than $700 million directly in the Highland Funds in the

same amounts referenced in the Forward Contract and the Option, including an investment of

more than $100 million in defendant Select Equity Fund.  Through these investments, plaintiff

HYMF would realize the same return on the Highland Funds that formed the basis for Barclays'

payment obligation under the Forward Contract and the Option.  Thus, the sole purpose of

HYMF's investment in the Highland Funds was to create a hedge to protect against Barclays' potential liability under the Forward Contract and the Option. HYMF did not make these investments with the same risks and expectations of a typical hedge fund investor.

54.    Given the fact that HYMF's investment in the Highland Funds was a hedge against liability under the Forward Contract, defendant Highland Capital and the specified Highland Funds agreed, in writing, that HYMF had the right to redeem its investment in the specified Highland Funds after termination of the Forward Contract. For example, the Select Equity Fund March 23rd Agreement specifically provides that this right of immediate redemption supersedes any contrary provisions set forth in the related subscription agreement and limited partnership agreement concerning the Select Equity Fund. The Select Equity Fund March 23rd Agreement superseded a similar agreement that had been entered into at the time of the Forward Contract and the original investment by HYMF in the Select Equity Fund in July 2006. Without the right to immediate redemption, HYMF simply would not have purchased any interests in the specific Highland Funds referenced in the Forward Contract and, as a result, Highland Capital would not have obtained the prospective benefit of the Forward Contract without granting these rights to HYMF.

55.    Likewise, given the fact that HYMF's investment in the Highland Funds was also a hedge against liability under the Option, defendant Highland Capital and the specific Highland Funds agreed, in writing, that HYMF had the right to redeem its investment in specific Highland Funds after termination of the Option. For example, the Select Equity Fund March 13th Agreement specifically provides that this right of immediate redemption supersedes any contrary provisions set forth in the related subscription agreement and limited partnership agreement concerning the Select Equity Fund. Without the right to immediate redemption, HYMF simply

13

would not have purchased interests in the specific Highland Funds referenced in the Option and, as a result, Highland Capital would not have obtained the prospective benefit of the Option without granting these rights to HYMF.

56.     Highland Capital and the Highland Funds, other than the Select Equity Fund, entered into the following agreements that granted HYMF rights of immediate redemption of its investments in the Highland Funds upon termination of the Forward Contract and Option:

        (a)    A letter agreement with defendants Credit Strategies Fund, Highland General Partner, L.P., Highland GP Holdings, L.L.C., Highland Capital, and Strand Advisors dated August 1, 2006 and subsequently amended on April 4, 2007 (the "Credit Strategies Fund August 1st Agreement");

        (b)    A letter agreement with defendants Credit Strategies Fund, Highland General Partner, L.P., Highland GP Holdings, L.L.C., Highland Capital, and Strand Advisors dated February 28, 2007 and subsequently amended on April 4, 2007 (together with the Credit Strategies Fund August 1st Agreement, the "Credit Strategies Fund Agreements");

        (c)    A letter agreement with defendants Credit Opportunities CDO, Highland Credit Opportunities CDO GP, L.P., Highland Credit Opportunities CDO GP, L.L.C., Highland Capital, and Strand Advisors dated February 28, 2007 and subsequently amended on April 4, 2007 (the "Credit Opportunities CDO Agreement");

        (d)    A letter agreement with defendants Crusader Fund, Highland Crusader Fund GP, L.P., Highland Crusader GP, L.L.C., Highland Capital, and

Strand Advisors dated August 1, 2006 and subsequently amended on April 4, 2007 (the "Crusader Fund August 1st Agreement");

(e)   A letter agreement with defendants Crusader Fund, Highland Crusader Fund GP, L.P., Highland Crusader GP, L.L.C., Highland Capital, and Strand Advisors dated February 28, 2007 and subsequently amended on April 4, 2007 (together with the Crusader Fund August 1st Agreement, the "Crusader Fund Agreements");

(f)   A letter agreement with defendants CDO Opportunity Fund, Highland CDO Opportunity Fund GP, L.P., Highland CDO Opportunity GP, L.L.C., Highland Capital, and Strand Advisors dated February 28, 2007 and subsequently amended on April 4, 2007 (the "CDO Opportunity Fund Agreement");

(g)   A letter agreement with defendants Equity Focus Fund, Highland Equity Focus Fund GP, L.P., Highland Equity Focus GP, L.L.C., Highland Capital, and Strand Advisors dated August 1, 2006 and subsequently amended on April 4, 2007 (the "Equity Focus Fund August 1st Agreement");

(h)   A letter agreement with defendants Equity Focus Fund, Highland Equity Focus Fund GP, L.P., Highland Equity Focus GP, L.L.C., Highland Capital, and Strand Advisors dated February 28, 2007 and subsequently amended on April 4, 2007 (together with the Equity Focus Fund August 1st Agreement, the "Equity Focus Fund Agreements");

(i)     A letter agreement with defendants Real Estate Fund, Highland Capital Real Estate Fund GP, L.L.C., Highland Capital, and Strand Advisors dated February 28, 2007 and subsequently amended on April 4, 2007 (the "Real Estate Fund February 28th Agreement"); and

(j)     A letter agreement with defendants Real Estate Fund, Highland Capital Real Estate Fund GP, L.L.C., Highland Capital, and Strand Advisors dated March 23, 2007 (together with the Real Estate Fund February 28th Agreement, the "Real Estate Fund Agreements" and together with the Select Equity Fund Agreements, Credit Strategies Fund Agreements, Credit Opportunities CDO Agreement, Crusader Fund Agreements, CDO Opportunity Fund Agreement, and Equity Focus Fund Agreements, the "Highland Funds Redemption Agreements").

57.     The Highland Funds Redemption Agreements also specifically provide that HYMF's rights to redeem will not be suspended or withheld at any time and that HYMF's right of redemption supersedes any contrary provisions set forth in the related limited partnership agreements for each of the Highland Funds.

**The Forward Contract and Option Are Terminated And HYMF**
**Exercised Its Rights to Immediate Redemption From the Highland Funds**

58.     Both the Forward Contract and the Option were terminated in October 2008 upon the occurrence of events of termination specified therein.

59.     After the termination of the Forward Contract and the Option, HYMF exercised its rights under the Highlands Funds Redemption Agreements to redeem immediately all of its investments in the Highland Funds.  For example, on October 14, 2008, the Administrator of the Select Equity Fund confirmed to the Select Equity Fund and Highland Capital that, effective

October 15, 2008, HYMF had exercised its right of redemption concerning all of its ownership interests in the Select Equity Fund.

60.    Defendant Highland Capital and the Highland Funds Defendants utterly failed to honor HYMF's rights to immediate redemption under each of the Highland Funds Redemption Agreements. For example, defendants Select Equity Fund and Highland Capital failed to honor HYMF's right to immediate redemption under the Select Equity Fund Agreements. None of the entities and persons in control of the Select Equity Fund and Highland Capital have taken any steps to cause Select Equity Fund and Highland Capital to comply with their obligations to honor HYMF's right to immediate redemption. Similarly, neither defendant Highland Capital nor any of the other Highland Funds Defendants have honored HYMF's right to immediate redemption from the Highland Funds other than Select Equity Fund.

**Highland Capital's Attempt To Extort Financial Benefits From**
**Barclays By Refusing To Honor HYMF's Redemption Rights**

61.    In October 2008, in response to HYMF's exercise of its redemption rights concerning the Select Equity Fund, Highland Capital claimed that Highland Capital and Select Equity Fund had refused to honor HYMF's redemption right concerning its investment in the Select Equity Fund because of Highland Capital's supposed belief that Highland Capital's "fiduciary obligations to third party investors" provided an exemption from defendants' contractual and fiduciary obligations to HYMF.

62.    In fact, by specific design, the Select Equity Fund is restricted to investments in highly liquid, publicly-traded securities. This investment restriction was acknowledged and agreed to, in writing, by Highland Capital, the investment manager of the Select Equity Fund. The implementation of these investment restrictions has been repeatedly confirmed by the Administrator of the Select Equity Fund in reports provided to HYMF. Thus, honoring HYMF's

17

right to immediate redemption of its entire investment in the Select Equity Fund will have no improper, adverse impact on the value of any investments in the Select Equity Fund made by any other person.

63.     Defendant Dondero made further admissions concerning defendants' unlawful refusal to honor HYMF's redemption rights in telephone conversations with Barclays' representatives. Specifically, Dondero stated, in substance, that he would cause Highland Capital and the Select Equity Fund to withhold payment of HYMF's investment in the Select Equity Fund – more than $110 million – for as long as ten years unless Barclays provided unspecified forms of financial assistance to Highland Capital and affiliates unrelated to Select Equity Fund.

64.     As of the date of the filing of this Amended Complaint, defendants Select Equity Fund and Highland Capital have failed and refused to return any portion of the more than $110 million in limited partnership interests for which HYMF exercised its right of redemption under the terms of the Select Equity Fund Agreements.

65.     Furthermore, as of the date of the filing of this Amended Complaint, defendants Credit Strategies Fund, Credit Opportunities CDO, Crusader Fund, CDO Opportunity Fund, Equity Focus Fund, and Real Estate Fund have also failed and refused to return any portion of the investments for which HYMF has exercised its right of redemption under the Highland Funds Redemption Agreements.

18

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

### (against the Select Equity Fund and Highland Capital)

66.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

67.     HYMF, the Select Equity Fund, and Highland Capital entered into the Select Equity Fund Agreements in March 2007.

68.     HYMF performed all of its obligations under the Select Equity Fund Agreements.

69.     Defendants Select Equity Fund and Highland Capital breached their obligations under the Select Equity Fund Agreements.

70.     HYMF has suffered monetary damages in an amount to be determined at trial as a result of Defendants' breaches of the Select Equity Fund Agreements.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

### (against the Credit Strategies Fund and Highland Capital)

71.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

72.     HYMF, the Credit Strategies Fund, and Highland Capital entered into the Credit Strategies Fund Agreements.

73.     HYMF performed all of its obligations under the Credit Strategies Fund Agreements.

74.     Defendants Credit Strategies Fund and Highland Capital breached their obligations under the Credit Strategies Fund Agreements.

75.    HYMF has suffered monetary damages in an amount to be determined at trial as a result of Defendants' breach of the Credit Strategies Fund Agreements.

## THIRD CAUSE OF ACTION:
## BREACH OF CONTRACT

### (against the Credit Opportunities CDO and Highland Capital)

76.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

77.    HYMF, the Credit Opportunities CDO, and Highland Capital entered into the Credit Opportunities CDO Agreement.

78.    HYMF performed all of its obligations under the Credit Opportunities CDO Agreement.

79.    Defendants Credit Opportunities CDO and Highland Capital breached their obligations under the Credit Opportunities CDO Agreement.

80.    HYMF has suffered monetary damages in an amount to be determined at trial as a result of Defendants' breach of the Credit Opportunities CDO Agreement.

## FOURTH CAUSE OF ACTION:
## BREACH OF CONTRACT

### (against the Crusader Fund and Highland Capital)

81.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

82.    HYMF, the Crusader Fund, and Highland Capital entered into the Crusader Fund Agreements.

83.     HYMF performed all of its obligations under the Crusader Fund Agreements.

84.     Defendants Crusader Fund and Highland Capital breached their obligations under the Crusader Fund Agreements.

85.     HYMF has suffered monetary damages in an amount to be determined at trial as a result of Defendants' breach of the Crusader Fund Agreements.

### FIFTH CAUSE OF ACTION:
### BREACH OF CONTRACT

### (against the CDO Opportunity Fund and Highland Capital)

86.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

87.     HYMF, the CDO Opportunity Fund, and Highland Capital entered into the CDO Opportunity Fund Agreement.

88.     HYMF performed all of its obligations under the CDO Opportunity Fund Agreement.

89.     Defendants CDO Opportunity Fund and Highland Capital breached their obligations under the CDO Opportunity Fund Agreement.

90.     HYMF has suffered monetary damages in an amount to be determined at trial as a result of Defendants' breach of the CDO Opportunity Fund Agreement.

## SIXTH CAUSE OF ACTION:
## BREACH OF CONTRACT

### (against the Equity Focus Fund and Highland Capital)

91.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

92.     HYMF, the Equity Focus Fund, and Highland Capital entered into the Equity Focus Fund Agreements.

93.     HYMF performed all of its obligations under the Equity Focus Fund Agreements.

94.     Defendants Equity Focus Fund and Highland Capital breached their obligations under the Equity Focus Fund Agreements.

95.     HYMF has suffered monetary damages in an amount to be determined at trial as a result of Defendants' breach of the Equity Focus Fund Agreements.

## SEVENTH CAUSE OF ACTION:
## BREACH OF CONTRACT

### (against the Real Estate Fund and Highland Capital)

96.     Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

97.     HYMF, the Real Estate Fund, and Highland Capital entered into the Real Estate Fund Agreements.

98.     HYMF performed all of its obligations under the Real Estate Fund Agreements.

99.     Defendants Real Estate Fund and Highland Capital breached their obligations under the Real Estate Fund Agreements.

100.    HYMF has suffered monetary damages in an amount to be determined at trial as a result of Defendants' breach of the Real Estate Fund Agreements.

## EIGHTH CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH CONTRACT

### (against Select Equity Fund General Partner, Select Equity Fund General Partner LLC, Strand Advisors, Dondero, and Okada)

101.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

102.    The Select Equity Fund Agreements are valid, existing contracts among HYMF, the Select Equity Fund, and Highland Capital.

103.    Defendants Select Equity Fund General Partner, Select Equity Fund General Partner LLC, Strand Advisors, Dondero, and Okada have willfully and maliciously caused the Select Equity Fund and Highland Capital to breach their obligations under the Select Equity Fund Agreements.

104.    Defendants Select Equity Fund General Partner, Select Equity Fund General Partner, LLC, Strand Advisors, Dondero, and Okada have interfered with the contractual obligations under the Select Equity Fund Agreements for illegitimate purposes, including the attempt to coerce Barclays to engage in unrelated transactions designed to enrich Highland Capital, affiliates of Highland Capital, and principals of Highland Capital.

105.    By tortiously interfering with the contractual rights of HYMF under the Select Equity Fund Agreements, defendants Select Equity Fund General Partner, Select Equity Fund General Partner, LLC, Strand Advisors, Dondero, and Okada have caused plaintiff HYMF to suffer monetary damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH CONTRACT

### (against Highland General Partner, L.P., Highland GP
### Holdings, L.L.C., Strand Advisors, Dondero, and Okada)

106.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

107.    The Credit Strategies Fund Agreements are valid, existing contracts among HYMF, the Credit Strategies Fund, and Highland Capital.

108.    Defendants Highland General Partner, L.P., Highland GP Holdings, L.L.C., Strand Advisors, Dondero, and Okada have willfully and maliciously caused the Credit Strategies Fund and Highland Capital to breach their obligations under the Credit Strategies Fund Agreements.

109.    Defendants Highland General Partner, L.P., Highland GP Holdings, L.L.C., Strand Advisors, Dondero, and Okada have interfered with the contractual obligations under the Credit Strategies Fund Agreements for illegitimate purposes, including the attempt to coerce Barclays to engage in unrelated transactions designed to enrich Highland Capital, affiliates of Highland Capital, and principals of Highland Capital.

110.    By tortiously interfering with the contractual rights of HYMF under the Credit Strategies Fund Agreements, defendants Highland General Partner, L.P., Highland GP Holdings, L.L.C., Strand Advisors, Dondero, and Okada have caused plaintiff HYMF to suffer monetary damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH CONTRACT

**(against Highland Credit Opportunities CDO GP, L.P., Highland Credit
Opportunities CDO GP, L.L.C., Strand Advisors, Dondero, and Okada)**

111.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at
length herein.

112.    The Credit Opportunities CDO Agreement is a valid, existing contract among
HYMF, the Credit Opportunities CDO, and Highland Capital.

113.    Defendants Highland Credit Opportunities CDO GP, L.P., Highland Credit
Opportunities CDO GP, L.L.C., Strand Advisors, Dondero, and Okada have willfully and
maliciously caused the Credit Opportunities CDO and Highland Capital to breach their
obligations under the Credit Opportunities CDO Agreement.

114.    Defendants Highland Credit Opportunities CDO GP, L.P., Highland Credit
Opportunities CDO GP, L.L.C., Strand Advisors, Dondero, and Okada have interfered with the
contractual obligations under the Credit Opportunities CDO Agreement for illegitimate purposes,
including the attempt to coerce Barclays to engage in unrelated transactions designed to enrich
Highland Capital, affiliates of Highland Capital, and principals of Highland Capital.

115.    By tortiously interfering with the contractual rights of HYMF under the Credit
Opportunities CDO Agreement, defendants Highland Credit Opportunities CDO GP, L.P.,
Highland Credit Opportunities CDO GP, L.L.C., Strand Advisors, Dondero, and Okada have
caused plaintiff HYMF to suffer monetary damages in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH CONTRACT

**(against Highland Crusader Fund GP, L.P., Highland Crusader
Fund GP, L.L.C. , Strand Advisors, Dondero, and Okada)**

116.   Plaintiff repeats and realleges the foregoing allegations as though fully set forth at
length herein.

117.   The Crusader Fund Agreements are valid, existing contracts among HYMF, the
Crusader Fund, and Highland Capital.

118.   Defendants Highland Crusader Fund GP, L.P., Highland Crusader
Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have willfully and maliciously caused
the Crusader Fund and Highland Capital to breach their obligations under the Crusader Fund
Agreements.

119.   Defendants Highland Crusader Fund GP, L.P., Highland Crusader
Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have interfered with the contractual
obligations under the Crusader Fund Agreements for illegitimate purposes, including the attempt
to coerce Barclays to engage in unrelated transactions designed to enrich Highland Capital,
affiliates of Highland Capital, and principals of Highland Capital.

120.   By tortiously interfering with the contractual rights of HYMF under the Crusader
Fund Agreements, defendants Highland Crusader Fund GP, L.P., Highland Crusader
Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have caused plaintiff HYMF to suffer
monetary damages in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH CONTRACT

### (against Highland CDO Opportunity Fund GP, L.P., Highland CDO Opportunity Fund GP, L.L.C., Strand Advisors, Dondero, and Okada)

121.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

122.    The CDO Opportunity Fund Agreement is a valid, existing contract among HYMF, the CDO Opportunity Fund, and Highland Capital.

123.    Defendants Highland CDO Opportunity Fund GP, L.P., Highland CDO Opportunity Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have willfully and maliciously caused the CDO Opportunity Fund and Highland Capital to breach their obligations under the CDO Opportunity Fund Agreement.

124.    Defendants Highland CDO Opportunity Fund GP, L.P., Highland CDO Opportunity Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have interfered with the contractual obligations under the CDO Opportunity Fund Agreement for illegitimate purposes, including the attempt to coerce Barclays to engage in unrelated transactions designed to enrich Highland Capital, affiliates of Highland Capital, and principals of Highland Capital.

125.    By tortiously interfering with the contractual rights of HYMF under the CDO Opportunity Fund Agreement, defendants Highland CDO Opportunity Fund GP, L.P., Highland CDO Opportunity Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have caused plaintiff HYMF to suffer monetary damages in an amount to be determined at trial.

## THIRTEENTH CAUSE OF ACTION:
## <u>TORTIOUS INTERFERENCE WITH CONTRACT</u>

**(against Highland Equity Focus Fund GP, L.P., Highland Equity
Focus Fund GP, L.L.C., Strand Advisors, Dondero, and Okada)**

126.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

127.    The Equity Focus Fund Agreements are valid, existing contracts among HYMF, the Equity Focus Fund, and Highland Capital.

128.    Defendants Highland Equity Focus Fund GP, L.P., Highland Equity Focus Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have willfully and maliciously caused the Equity Focus Fund and Highland Capital to breach their obligations under the Equity Focus Fund Agreements.

129.    Defendants Highland Equity Focus Fund GP, L.P., Highland Equity Focus Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have interfered with the contractual obligations under the Equity Focus Fund Agreements for illegitimate purposes, including the attempt to coerce Barclays to engage in unrelated transactions designed to enrich Highland Capital, affiliates of Highland Capital, and principals of Highland Capital.

130.    By tortiously interfering with the contractual rights of HYMF under the Equity Focus Fund Agreements, defendants Highland Equity Focus Fund GP, L.P., Highland Equity Focus Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have caused plaintiff HYMF to suffer monetary damages in an amount to be determined at trial.

## FOURTEENTH CAUSE OF ACTION:
## TORTIOUS INTERFERENCE WITH CONTRACT

### (against Highland Capital Real Estate Fund GP,
### L.L.C., Strand Advisors, Dondero, and Okada)

131.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

132.    The Real Estate Fund Agreements are valid, existing contracts among HYMF, the Real Estate Fund, and Highland Capital.

133.    Defendants Highland Capital Real Estate Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have willfully and maliciously caused the Real Estate Fund and Highland Capital to breach their obligations under the Real Estate Fund Agreements.

134.    Defendants Highland Capital Real Estate Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have interfered with the contractual obligations under the Real Estate Fund Agreements for illegitimate purposes, including the attempt to coerce Barclays to engage in unrelated transactions designed to enrich Highland Capital, affiliates of Highland Capital, and principals of Highland Capital.

135.    By tortiously interfering with the contractual rights of HYMF under the Real Estate Fund Agreements, defendants Highland Capital Real Estate Fund GP, L.L.C., Strand Advisors, Dondero, and Okada have caused plaintiff HYMF to suffer monetary damages in an amount to be determined at trial.

## FIFTEENTH CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY

**(against Highland Select Equity Fund, GP, L.P., Highland General Partner, L.P., Highland Credit Opportunities CDO GP, L.P., Highland Crusader Fund GP, L.P., Highland CDO Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland Capital Real Estate Fund GP, L.L.C., and Highland Capital)**

136.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at length herein.

137.    Defendants Highland Select Equity Fund, GP, L.P., Highland General Partner, L.P., Highland Credit Opportunities CDO GP, L.P., Highland Crusader Fund GP, L.P., Highland CDO Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland Capital Real Estate Fund GP, L.L.C., and Highland Capital owe duties to exercise care and diligence in the management of the Highland Funds, and in the use and preservation of HYMF's assets. Highland Select Equity Fund, GP, L.P., Highland General Partner, L.P., Highland Credit Opportunities CDO GP, L.P., Highland Crusader Fund GP, L.P., Highland CDO Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland Capital Real Estate Fund GP, L.L.C., and Highland Capital also owe to HYMF duties of full and candid disclosure concerning the Highland Funds, a duty of loyalty to HYMF, and a duty to deal fairly and honestly with HYMF in connection with the Highland Funds.

138.    By failing to honor the obligations under the Highland Funds Redemption Agreements, by causing the Highland Funds to breach their obligations under the Highland Funds Redemption Agreements, and by continuing to withhold payment of more than $250 million to HYMF, defendants Highland Select Equity Fund, GP, L.P., Highland General Partner, L.P., Highland Credit Opportunities CDO GP, L.P., Highland Crusader Fund GP, L.P., Highland

30

CDO Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland Capital Real

Estate Fund GP, L.L.C., and Highland Capital breached their fiduciary obligations to HYMF.

139.    The misconduct of Highland Select Equity Fund, GP, L.P., Highland General

Partner, L.P., Highland Credit Opportunities CDO GP, L.P., Highland Crusader Fund GP, L.P.,

Highland CDO Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland

Capital Real Estate Fund GP, L.L.C., and Highland Capital, as alleged herein, was willful,

malicious, reckless and without regard to HYMF's rights and interests.

140.    HYMF has suffered damages in an amount to be determined at trial as a result of

the defendants' breaches of fiduciary duty.

### SIXTEENTH CAUSE OF ACTION:
### AIDING AND ABETTING HIGHLAND CAPITAL'S
### BREACHES OF FIDUCIARY DUTY

### (against Strand Advisors, Dondero, and Okada)

141.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at

length herein.

142.    Highland Capital owed fiduciary duties to HYMF in connection with HYMF's

investment in the Highland Funds.

143.    Highland Capital breached those fiduciary duties to HYMF.

144.    Defendants Strand Advisors, Dondero, and Okada knew that Highland Capital

owed fiduciary duties to HYMF in connection with HYMF's investment in the Highland Funds.

145.    Defendants Strand Advisors, Dondero, and Okada knowingly provided substantial

assistance to Highland Capital in its breach of fiduciary duties owed to HYMF.

146.    HYMF has suffered damages in an amount to be determined at trial as a result of

the actions taken by defendants Strand Advisors, Dondero, and Okada in aiding and abetting

Highland Capital's breach of fiduciary duties.

## SEVENTEENTH CAUSE OF ACTION:
## EQUITABLE ACCOUNTING

**(against defendants Highland Select Equity Fund, GP, L.P., Highland
General Partner, L.P., Highland Credit Opportunities CDO GP, L.P.,
Highland Crusader Fund GP, L.P., Highland CDO Opportunity
Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland Capital
Real Estate Fund GP, L.L.C., and Highland Capital)**

147.    Plaintiff repeats and realleges the foregoing allegations as though fully set forth at

length herein.

148.    Highland Select Equity Fund, GP, L.P., Highland General Partner, L.P., Highland

Credit Opportunities CDO GP, L.P., Highland Crusader Fund GP, L.P., Highland CDO

Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland Capital Real Estate

Fund GP, L.L.C., and Highland Capital owed fiduciary duties to HYMF in connection with

HYMF's investment in the Highland Funds.  Highland Select Equity Fund, GP, L.P., Highland

General Partner, L.P., Highland Credit Opportunities CDO GP, L.P., Highland Crusader Fund

GP, L.P., Highland CDO Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P.,

Highland Capital Real Estate Fund GP, L.L.C., and Highland Capital were required to act in

good faith, honestly, and with full disclosure with a view to the best interests of HYMF.

149.    Highland Select Equity Fund, GP, L.P., Highland General Partner, L.P., Highland

Credit Opportunities CDO GP, L.P., Highland Crusader Fund GP, L.P., Highland CDO

Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland Capital Real Estate

Fund GP, L.L.C., and Highland Capital breached their fiduciary and other duties to HYMF and

at least Highland Capital has profited from these breaches of duty through management fees since October 2008.

150.    As fiduciaries, Highland Select Equity Fund, GP, L.P., Highland General Partner, L.P., Highland Credit Opportunities CDO GP, L.P., Highland Crusader Fund GP, L.P., Highland CDO Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland Capital Real Estate Fund GP, L.L.C., and Highland Capital must account to HYMF for all transactions and fees since October 2008.

151.    Highland Select Equity Fund, GP, L.P., Highland General Partner, L.P., Highland Credit Opportunities CDO GP, L.P., Highland Crusader Fund GP, L.P., Highland CDO Opportunity Fund GP, L.P., Highland Equity Focus Fund GP, L.P., Highland Capital Real Estate Fund GP, L.L.C., and Highland Capital must therefore render an account to HYMF for all transactions and fees since October 2008.

## RELIEF DEMANDED

WHEREFORE, plaintiff HYMF demands judgment and permanent relief against Defendants as follows:

i.    compensatory damages on plaintiff's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Causes of Action in amounts to be determined at trial, together with pre-judgment interest at the maximum rate allowed by law;

ii.    punitive damages on plaintiff's Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Causes of Action;

iii.    injunctive relief on plaintiff's Seventeenth Cause of Action;

33

iv.    reasonable costs and expenses incurred in this action, including legal fees to the

extent allowable by law; and

v.    such other and further relief as the Court may deem just and proper.

Dated: February 19, 2009
       New York, New York


ALLEN & OVERY, LLP

By:_____
        Robert Knuts

1221 Avenue of the Americas
New York, New York 10020
(212) 610-6300 (telephone)
(212) 610-6399 (fax)

Attorneys for Plaintiff

34